1  **MCGUIREWOODS LLP**
   Matthew C. Kane, Esq. (SBN 171829)
2      Email: mkane@mcguirewoods.com
   Michael D. Mandel, Esq. (SBN 216934)
3      Email: sbeldner@mcguirewoods.com
   Sylvia J. Kim, Esq. (SBN 258363)
4      Email: skim@mcguirewoods.com
   Joanna E. MacMillan, Esq. (SBN 281891)
5      Email: jmacmillan@mcguirewoods.com
   1800 Century Park East, 8th Floor
6  Los Angeles, CA 90067
   Tel:   (310) 315-8200
7  Fax:   (310) 315-8210

8  Attorneys for Defendant
   BANK OF AMERICA, N.A.
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANDICE WILLIAMS, as an individual, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a business entity, form unknown; and DOES 1-25, inclusive;<br><br>          Defendants. | CASE NO. 8:15-cv-01597<br><br>[Orange County Superior Court Case No. 30-2015-00906030-CU-OE-CXC]<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed: 8/24/15<br><br>First Amended Complaint Filed: 9/25/2015<br><br>First Amended Complaint Served: 10/1/2015 |

71421664.2

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant BANK OF AMERICA, N.A. ("Bank of America" or "Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action currently pending in the Superior Court of the State of California in and for the County of Orange (the "State Court") to the United States District Court for the Central District of California on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and all other applicable bases for removal.  In support of its Notice of Removal, Defendant avers as follows:

## STATE COURT ACTION

1. On August 24, 2015, Plaintiff Candice Williams ("Plaintiff") filed a Complaint against Defendant in the State Court, styled as *Candice Williams, as an individual, on behalf of herself and all others similarly situated, v. Bank of America, National Association, a business entity, form unknown; and Does 1-25, inclusive*, Case No. 30-2015-00906030-CU-OE-CXC ("State Court Action"), a true and correct copy of which is attached hereto as Exhibit A.

2. On September 25, 2015, Plaintiff filed a First Amended Complaint ("FAC") against Defendant in the State Court Action.  *See* Exhibit B.

3. On or about October 1, 2015, CT Corporation, Defendant's registered agent for service of process, was personally served with a copy of the Summons and FAC.

71421664.2

2
**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

4. True and correct copies of the Summons, Complaint, First Amended Complaint, and every other process, pleading and order served on Defendant in this action to date are attached hereto as the Exhibits identified below:

| Exhibit | Document |
|---|---|
| A | Complaint |
| B | First Amended Complaint |
| C | Summons |
| D | Civil Case Cover Sheet |
| E | Notice of Case Assignment and Scheduling Information |
| F | Alternative Dispute Resolution Information Packet |
| G | Alternative Dispute Resolution (ADR) Stipulation |
| H | Class Action/B&P 17200 Questionnaire |

5. Defendant is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

6. Plaintiff asserts six purported claims for (a) Failure to Pay Overtime Premiums in violation of IWC Wage Order 4, Section 3 and Cal. Lab. Code § 1194(a); (b) Failure to Pay Overtime Premiums in violation of 29 U.S.C. Section 207(a); (c) Failure to Provide Accurate Pay Stubs in violation of Cal. Lab. Code § 226(e); (d) Waiting Time Penalties under Cal. Lab. Code §§ 201, 202 and 203; (e) Unfair Competition in violation of California Business and Professions Code § 17200, *et seq.*; and (f) Penalties under Cal. Lab. Code § 2698, *et seq*. *See* Exhibit B (First Amended Complaint ("FAC")), ¶¶ 13-27.

7. Defendant Bank of America is informed and believes that it is the only defendant that has been properly served with process in the State Court Action.

Defendants Does 1 through 25 are yet to be identified, and thus are to be disregarded for purposes of this removal. *See* 28 U.S.C. § 1441(b)(1). As such, Bank of America is the only defendant needed to join and consent to this removal.

## REMOVAL JURISDICTION

8. This court has original jurisdiction under 28 U.S.C. §§ 1331 and 1367, and all other applicable bases for removal.

9. As required by 28 U.S.C. § 1441, Defendant removes this case to the United States District Court for the Central District of California, which is the District Court embracing the place where the State Court Action was filed.

10. This action has not been previously removed to federal court.

11. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that a Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Defendant has timely filed this Notice of Removal within thirty days of October 1, 2015, the date they were served with and received the Summons and Complaint in this action.

12. In accordance with 28 U.S.C. § 1446(d), Defendant will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## FEDERAL QUESTION JURISDICTION

13. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it involves claims and/or issues arising in whole or in part under the Constitution, laws, or treaties of the United States.

14. Plaintiff's FAC involves a federal question because it involves claims and/or issues that arise under, are intertwined with, derive in whole or in part from, and/or require application and/or interpretation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and/or the regulations promulgated thereunder by the United States Department of Labor. More specifically, Plaintiff's purported **Second Cause of Action** for "Failure to Pay Overtime Premium" seeks overtime wages and related relief under the FLSA based on Plaintiff's claim that Defendant did not comply with the FLSA, 29 U.S.C. § 207, in failing to pay overtime wages for Plaintiff and the putative collective members she seeks to represent. *See* Exh. A (FAC), ¶ 16. Therefore, Plaintiff's Second Cause of Action asserts a direct claim under the FLSA, over which this Court has original federal question jurisdiction. *See Wiley v. Trendwest Resorts, Inc.*, 2005 WL 1030220, *3 (N.D. Cal. May 3, 2005).

## SUPPLEMENTAL JURISDICTION

15. Plaintiff's remaining claims under the California Labor Code and California Business and Professions Code for alleged failure to pay overtime wages, inaccurate wage statements, untimely payment of wages upon separation, unfair business practices, and civil penalties also derive from or otherwise relate to Defendant's wage and hour compliance with respect to its alleged employment of Plaintiff and the putative class members she seeks and/or purports to represent.

Accordingly, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## **VENUE**

16. As the State Court Action is now pending in Orange County, California, Defendant is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Central District of California, without waiver or limitation of its right to seek transfer of this action to another district pursuant to applicable law.

17. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Further, Defendant expressly reserves its right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

///
///
///
///
///
///
///

WHEREFORE, Defendant respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED: October 5, 2015            **McGuireWoods LLP**

By:    /s/ Michael D. Mandel
Matthew C. Kane, Esq.
Michael D. Mandel, Esq.
Sylvia J. Kim, Esq.
Joanna E. MacMillan, Esq.
Attorneys for Defendant
BANK OF AMERICA, N.A.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

On October 5, 2015, I served the following document described as **DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Joseph Clapp, Esq.                    *Attorneys for Plaintiff*
Aiman-Smith & Marcy
7677 Oakport Street, Suite 1150
Oakland, CA 94621

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered the addressee(s). (C.C.P. § 1011)

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 5, 2015, at Los Angeles, CA.

/s/ Michael D. Mandel
MICHAEL D. MANDEL, ESQ.

71421664.1

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**